1373 (Fed.Cir.2013). A litigant's *pro se* status does not relieve him of these jurisdictional requirements. *Kelley v. Sec'y, United States Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987).

Cochrun is attempting to bring this suit under 28 U.S.C. § 1495, which allows the Claims Court to adjudicate claims "for damages by any person unjustly convicted of an offense *against the United States* and imprisoned." (emphasis added). That the offense must have been "against the United States" means that a plaintiff must have been convicted of violating federal law, rather than state law. *Williams v. United States,* No. 14–535C, 2015 WL 452347, at *3 (Fed.Cl. Jan. 26, 2015). Because Cochrun was convicted of violating the laws of South Dakota, and was not convicted of violating federal law, he cannot sue under § 1495. To the extent that Cochrun is alleging that he is factually innocent of the charge to which he pleaded guilty, the Claims Court does not have the jurisdiction to review state court convictions. *Spaan v. United States,* 208 Fed. Appx. 898, 899 (Fed.Cir.2006).[1]

Moreover, to state a claim under § 1495 a plaintiff must provide proof that "[h]is conviction has been reversed or set aside." *Freeman v. United States,* 568 Fed.Appx. 892, 894 (Fed.Cir.2014) (citing 28 U.S.C. § 2513). That proof may only be in the form of "a certificate of innocence from the court that ordered such a reversal or a presidential pardon." *Id.* Cochrun's complaint does not contain such evidence and, therefore, the Claims Court did not err in dismissing his complaint.

In his informal opening brief, Cochrun also alleges various violations of his constitutional rights and that he has a contract with the United States for $10,000,000. Because he did not raise those allegations in his complaint, they are not properly before us and are deemed waived. *Casa de Cambio Comdiv S.A., de C.V. v. United States,* 291 F.3d 1356, 1366 (Fed.Cir.2002).

### CONCLUSION

We have considered Cochrun's remaining arguments, but find them unpersuasive. For the foregoing reasons, the decision of the Claims Court is affirmed.

**AFFIRMED**

### COSTS

No costs.

**VINYL VISIONS, LLC,**
**Plaintiff–Appellant**

v.

**Craig A. OEHME, dba E.E. Pauley Plastic Extrusion, Benjamin Oehme, Defendants–Appellees,**

**Does, 2–10, Inclusive, Defendant.**

**No. 2015–1273.**

United States Court of Appeals, Federal Circuit.

Oct. 15, 2015.

---

1. In his informal opening brief, Cochrun argues that he was kidnapped in violation of 18 U.S.C. § 1201 and that therefore the Claims Court had jurisdiction. Because he did not present that claim in his complaint, it is deemed waived. Even if properly presented, that allegation is insufficient to confer jurisdiction because the Claims Court cannot consider alleged violations of the criminal code. *See Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir.1994).

Alan Steven Yockelson, Law Office of Alan S. Yockelson, San Diego, CA, argued for plaintiff-appellant.

Andrew Dallmann, Burch Dallmann LLP, Irvine, CA, argued for defendants-appellees.

PROST, Chief Judge, MOORE and WALLACH, Circuit Judges.

### JUDGMENT

PER CURIAM.

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

Sandra E. Booth, Columbus, OH, argued for claimant-appellant.

Eric Peter Bruskin, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by Benjamin C. Mizer, Robert E. Kirschman, Scott D. Austin; Y. Ken Lee, Rachael Brant, Amanda Blackmon, United States Department of Veterans Affairs, Washington, DC.

PROST, Chief Judge, MOORE and WALLACH, Circuit Judges.

### JUDGMENT

PER CURIAM.

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

**Shirley ENOS, Claimant–Appellant**

v.

**Robert A. McDONALD, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 2015–7002.

United States Court of Appeals, Federal Circuit.

Oct. 15, 2015.

**PURE FISHING, INC., an IOWA Corporation, Plaintiff–Cross–Appellant**

v.

**NORMARK CORPORATION, a Minnesota Corporation, dba Rapala, Defendant–Appellant.**

Nos. 2014–1300, 2015–1167, 2015–1168.

United States Court of Appeals, Federal Circuit.

Oct. 16, 2015.